IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEIA PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-1110-ALM |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Keia Parker ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1382. (Doc. 1). The Commissioner filed the Administrative Record ("AR") (Doc. 9), and the parties have fully briefed the issues. (Docs. 10, 14, 15).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 5, 6). Based on the Court's

---

[1] Frank Bisignano was sworn in as the Commissioner of the Social Security Administration on May 7, 2025, and is therefore substituted as Defendant in this matter, pursuant to Federal Rule of Civil Procedure 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

review of the record and issue presented, the Court **AFFIRMS** the Commissioner's decision.

I.   **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; *see id.* §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-

51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [he or she] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r,*

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

*SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023) (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (defining substantial evidence as "more than a scintilla, but less than a preponderance"). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). But "an agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli*, 84 F.4th at 905.

## II.    Procedural History

Plaintiff filed an application for DIB on October 8, 2022, alleging a disability onset date of May 15, 2022. (AR, at 71). She filed an application for SSI on April 27, 2023. (AR, at 188). The SSA denied the applications initially and on reconsideration. (*Id*. at 27, 94-98, 104-07). Then an administrative hearing was held on December 22, 2023. (*Id*. at

4

44-66). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 27-38). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 11-16). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

### III.  The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 15, 2022, the alleged onset date. (AR, at 29). At Step Two, the ALJ determined Plaintiff suffers from the severe impairments of depressive disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD"). (*Id*. at 30). At Step Three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the listed impairments. (*Id.*) The ALJ then determined that Plaintiff had the RFC to:

> perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant must avoid hazards such as moving machinery and unprotected heights which could cause harm or injury to self or others; can perform simple tasks with routine supervision; can relate to supervisors and peers, but cannot relate to the general public; and can adapt to a work situation within these limitations.

(*Id.* at 32). Then, at Step Four, the ALJ found Plaintiff could not perform any past relevant work. (*Id.* at 36). At Step Five, however, the ALJ found Plaintiff could perform jobs existing in significant numbers in the national economy, such as collator operator, marker, and electronics worker. (*Id.* at 37). Thus, the ALJ found that Claimant had not been under a disability since May 15, 2022. (*Id.* at 38).

**IV.    Claim Presented for Judicial Review**

Plaintiff contends the ALJ erred in considering a prior administrative medical finding from Lisa Swisher, Ph.D. (Doc. 10, at 7-18; Doc. 15, at 1-3). The Commissioner argues that substantial evidence supports the ALJ's evaluation of Dr. Swisher's finding. (Doc. 14, at 5-13). The Court finds the ALJ did not err in his consideration of Dr. Swisher's finding because he adequately explained why he did not include all of the limitations contained therein.

**V.    The ALJ Did Not Err in His Consideration of Dr. Swisher's Prior Administrative Medical Finding.**

**A.    Proper Consideration of Medical Opinions and Prior Administrative Medical Findings**

An ALJ is required to evaluate every medical opinion and prior administrative medical finding of record. *See* 20 C.F.R. §§ 404.1520c(b); 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s)" and whether a claimant has a limitation or restriction in the ability to perform physical, mental, or other demands of work or to adapt to environmental conditions. *Id.* §§ 404.1513(a)(2); 416.913(a)(2). "A prior administrative medical finding is a finding, other than the ultimate determination about whether [a claimant] is disabled, about a medical issue made by . . . Federal and State agency medical and psychological consultants at a prior level of review . . . in [the] current claim based on their review of the evidence in [the] case record." *Id.* §§ 404.1513(a)(5); 416.913(a)(5)

(including the existence and severity of impairments and symptoms, statements about whether an impairment meets or medically equals a listing, the RFC, and how failure to follow prescribed treatment relates to the claim).

An ALJ considers medical opinions and prior administrative medical findings using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. §§ 404.1520c(c); 416.920c(c). Supportability and consistency are the most important factors. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability" examines how closely connected a medical opinion or prior administrative medical finding is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s) is, the more persuasive the medical opinion(s) or prior administrative medical findings will be." *Id.* §§ 404.1520c(c)(1); 416.920c(c)(1). "Consistency," on the other hand, compares a medical opinion or prior administrative medical finding to the other evidence: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2); 416.920c(c)(2). The ALJ must articulate how persuasive he finds a medical opinion or prior administrative medical finding. *Id.* §§ 404.1520c(b); 416.920c(b). In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical

7

opinions or prior administrative medical findings." *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2).[4] The ALJ's rationale must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

> **B. The ALJ Appropriately Considered Dr. Swisher's Findings and the Adaptability Limitations as a Whole.**

Dr. Swisher, a state agency doctor who reviewed Plaintiff's claim on the reconsideration level, found:

> [Plaintiff] is able to understand, recall and perform simple repetitive tasks. [Plaintiff] is able to focus for two-hour periods with routine breaks and pace and persist for 8 hour work day and 40 hour work week despite psychological symptoms. [Plaintiff] is able to interact on a superficial level with supervisors and coworkers, but unable to interact appropriately or tolerate contact with the public. [Plaintiff] is able to adapt to work setting and some changes in the work setting with forewarning.

(AR, at 81). The ALJ considered Dr. Swisher's findings as follows:

> This prior administrative medical finding is generally persuasive because this psychologist provided a supporting statement with reference to evidence of record available at the time of their review. It is overall generally consistent with evidence of record that shows the claimant would be limited to unskilled work with no contact with the public, but the fact that she has routinely had normal interpersonal interactions with her treatment providers supports less limitation on interaction with supervisors and coworkers. Further, possible medication side effects are consistent with a limitation to an environment with no hazards such as machinery and heights. [Plaintiff] would not be further limited because objective evidence of record does not demonstrate abnormalities on examinations beyond intermittent mood or affect abnormalities and [Plaintiff] has not required emergency or inpatient psychiatric treatment[.]

---

[4] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record. *See* 20 C.F.R. §§ 404.1520c(b)(2), (3); 416.920c(b)(2), (3).

(*Id.* at 36).

Plaintiff contends the ALJ "explicitly noted that [he] discounted Dr. Swisher's opinion regarding interacting with supervisors and coworkers. . . . [but] there was no mention by the ALJ of discounting the adaptation limitations." (Doc. 10, at 13). Plaintiff alleges this amounts to error because the ALJ was required to include the adaptation limitation – requiring forewarning of changes in the work setting – in the RFC or explain why he did not include it. (*Id.*) (citing *Chapo v. Astrue*, 682 F.3d 1285, 1291-92 (10th Cir. 2012); *Peralta v. Saul*, 2020 WL 2394050, at 6* (D.N.M. May 12, 2020)).

The Court finds that the ALJ explained his reasoning for discounting the "forewarning" portion of Dr. Swisher's finding. The ALJ found the finding as a whole was "generally persuasive" and explained that some aspects were "generally consistent with the evidence of record." (AR, at 36). After giving credence to specific limitations, the ALJ found that "[Plaintiff] would not be further limited because objective evidence of record does not demonstrate abnormalities on examinations beyond intermittent mood or affect abnormalities and [Plaintiff] has not required emergency or inpatient psychiatric treatment." (*Id.*) The Court finds this is sufficiently specific to permit review.

First, the ALJ only found Dr. Swisher's findings generally persuasive – meaning that he did not find them unconditionally persuasive. Second, the ALJ's catch-all finding – that Plaintiff was "not further limited" – logically encompasses Dr. Swisher's finding that Plaintiff needed forewarning to adapt changes in the work setting. The ALJ's explanation that the objective evidence did not demonstrate abnormalities on examinations beyond intermittent mood or affect abnormalities is relevant to whether Plaintiff can adapt,

9

because in the social security context the ability to adapt "refers to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting," including "adapting to changes." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(E)(4). While the ALJ's discussion of Dr. Swisher's findings may have been better organized, "common sense, not technical perfection" guides the Court's analysis. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

Plaintiff also argues that because the ALJ "assessed moderate limitations in adaptation, he had an obligation to either include those limitations in the RFC assessment or explain their exclusion." (Doc. 10, at 14). But, as noted above, the ALJ explained why he did not include Dr. Swisher's assessed limitation in the RFC. Additionally, the ALJ limited Plaintiff in the area of adaptation when he found she was not required to relate to the general public. *See Henry R. B. v. Kijakazi*, 2023 WL 6276327, at *5 (N.D. Okla. Sept. 26, 2023) (finding "the ALJ . . . accounted for adaptation limitations relating to social contacts," including by limiting the plaintiff to "cursory and superficial contact with the general public") (internal quotation marks omitted). Further, the RFC notes that Plaintiff "can adapt to a work situation within these limitations." (AR, at 32). It follows, then, that

Plaintiff is not unlimited in her ability to adapt to a work situation, but she instead requires other mental work-related limitations to adapt.[5]

Plaintiff also argues that "the record as a whole supports adaptation limitations." (Doc. 10, at 14). In support, she cites her testimony, function reports, and medical records from 2022 and 2023. (*Id.* at 14-17). But as the Commissioner notes, (Doc. 14, at 12), the ALJ discussed this evidence in the decision, addressing each of the records identified by Plaintiff.[6] (AR, at 31-35). So, although Plaintiff contends the evidence supports Dr. Swisher's finding regarding adaptation, the Court cannot reweigh the evidence or substitute its judgment for that of the ALJ. *See Vigil*, 805 F.3d at 1201.

For the reasons stated above, the ALJ did not err in considering Dr. Swisher's finding.

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the Court **AFFIRMS** the decision of the Commissioner.

---

[5] The Court is not persuaded by Plaintiff's citation to *Marin v. Colvin*, 2015 WL 4999955, at *3 (D. Colo. Aug. 24, 2015). In *Marin*, the ALJ "never discussed or mentioned Claimant's mental limitations in his step four assessment of Claimant's RFC." *Id.* at *2. The court found error because the ALJ "failed to explain why [he] excluded from [the] RFC assessments the claimant's non-severe mental limitations that [he] had already acknowledged and accepted at earlier stages of the disability review process." *Id.* at *3. That situation did not present itself here, as the ALJ did address Plaintiff's mental limitations at Step Four.

[6] Plaintiff contends she had suicidal ideations. (Doc. 10, at 14) (citing AR, at 55). But the cited page of the transcript does not support that assertion.

**SO ORDERED** this 14th day of July, 2025.

*Amanda L. Maxfield*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE